EUGENE U. MESSIER *et al. vs.* JOHN J. HEALEY *et al.*

DECEMBER 22, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is a petition for a writ of *certiorari* brought by Eugene U. Messier and Dennis Brennan, members of the board of canvassers and registration of the city of Central Falls, and Zygmunt J. Czubak, city solicitor of said city, to prevent the respondents, the acting mayor of Central Falls, the board of aldermen and the common council of said city, in joint convention, from considering charges which may result in removing or dismissing the

petitioners from their respective offices and to quash such records of the respondents, relating to such proposed hearing upon the question of their removal, as may be erroneous and illegal.

In the petition it is alleged that Messier had been elected a member of the board of canvassers and registration of the city of Central Falls for a term expiring in 1938, Brennan for a term ending in 1936, and Czubak for a term as city solicitor expiring in 1935; that after the death of one Burroughs, a member of the board of street, water and sewer commissioners, certain members of the common council of said city requested that a meeting of the common council be held in joint convention for the purpose of electing a commissioner to fill the vacancy caused by the death of said Burroughs. The request is as follows:

> "September 27, 1934.
>
> "Rock P. Martel
>     Chairman of Common Council
>         City of Central Falls.
>
> "We, the undersigned, members of the common council of the City of Central Falls, hereby request, in accordance with the provisions of Clause 8 of Section 3 of the City Charter of the City of Central Falls, to hold a meeting of the common council in joint convention for the purpose of electing a member to the Board of Streets, Water and Sewer Commissioners to fill a vacancy caused by the death of Fred C. Burroughs.
>
> (Signed)    Frank J. Cooney
>             Emile Gladu
>             Rock P. Martel
>             Joseph Allard
>             Samuel Coutu
>             Henry A. Morse
>             Karol A. Romenski."

Thereafter, on September 28, 1934, Martel issued to the various members of the common council the following notice:

"To the Members of the City Council
of the City of Central Falls

September 28, 1934

"In accordance with a request of the majority of the members of the common council this day presented to me in writing, I do hereby call a meeting of the City Council to meet in joint convention in the Common Council Chambers in the City Hall of said City of Central Falls on Monday evening, October 1, 1934 at 8:30 P. M. for the purpose of electing a member to the Board of Street, Water and Sewer Commissioners to fill the unexpired term caused by the death of Fred C. Burroughs and to transact any further business which may legally be presented before said convention.

Rock P. Martel
Chairman of Common Council."

And thereupon appears the following entry:

"I, the undersigned, certify that I have made service of the above notice by leaving a true copy thereof in the hands of or at the last place of abode of the members of the City Council.

John J. McDermott,
City Sergeant."

At this meeting charges were preferred against the petitioners accusing them in effect with malfeasance, nonfeasance and lack of capacity in the performance of the duties of their respective offices.

The petitioners contend that the convention is without power to consider and determine the charges against them because the common council had no authority to call a

meeting to elect a successor to Burroughs before the mayor had, under the provisions of the city charter, first made an appointment to fill said vacancy, and that the meeting was prematurely called because the mayor had not been given the proper time in which to name such a successor; and that even though the meeting was properly called for the purpose of electing such a successor, it was not authorized to proceed with any business other than said election and further that the members of the board of canvassers are state officials and therefore cannot be removed by the common council of the city of Central Falls. In the view that we take of the case, it is unnecessary to consider these contentions.

As the petitioners have not been tried upon the charges against them, a hearing upon the same (if one be held) may result in the exoneration of petitioners, in which event there will be no necessity—at least on the part of the petitioners—for the correction or quashing of any records.

The relief sought by petitioners is clearly injunctive and it has been held that if the parties have an adequate remedy by mandamus or injunction, *certiorari* will not lie. 11 C. J. 111, § 53. *Lehigh Sewer Pipe & Tile Co.* v. *Lehigh*, 156 Iowa 386; *Reynolds* v. *West Hoboken*, 63 N. J. L. 497.

It is stated in 11 C. J. at page 110, § 47, that *certiorari* and *supersedeas* cannot be used as a proceeding, *quia timet*, to prevent anticipated wrong or injury and does not lie to prevent threatened excess of jurisdiction, and at page 143, § 125, it is further stated as a general rule that *certiorari* does not lie until the proceedings which it seeks to correct are terminated.

In *Greenough* v. *School Committee of Pawtucket*, 27 R. I. 427, this court held that *certiorari* is confined "to the review of the judicial action of . . . public officers or bodies exercising under the law judicial or *quasi* judicial functions."

The circumstances in the instant case disclose no necessity for departing from this well established rule or to determine at this time in these proceedings whether a proposed hearing

should not be held, in view of the fact that the hearing may result in no injury to the petitioners.

While no objection has been taken to joining the two members of the board of canvassers and the city solicitor in the same petition, one of the questions raised, namely, that the members of the board of canvassers are state officials and not removable by the joint convention, indicates the desirability, as a matter of practice, of filing separate petitions where the grounds for relief are not indentical.

The restraining order heretofore entered in connection with the proceedings for the purpose of enabling the respondent canvassers to complete their duties with .regard to the ballots cast at the election of November 6, 1934, is dissolved and the prayer of the petition for relief is denied.

*Morris Berick,* for. petitioners.

*Walter J. Hennessey,* for respondents.